Brian E. Claypool, Esq., State Bar# 134674
**THE CLAYPOOL LAW FIRM**
1055 East Colorado Blvd., 5th Floor
Pasadena, CA 91106
(626) 240-4616 (telephone)
(626) 796-9951 (fax)

Attorneys for Plaintiffs,
I.R. and H.R.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.R., a minor by and through her Guardian Ad Litem, Claudia Nava; H.R., a minor by and through her Guardian Ad Litem, Nora Nava<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO; COUNTY OF FRESNO; and DOES 1-10, inclusive<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.:

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C §1983)
2. Unreasonable Search and Seizure and Due Process – Excessive Force (42 U.S.C. §1983)
3. Substantive Due Process (42 U.S.C. §1983)
4. Supervisory Liability for Constitutional Violations (42 U.S.C. §1983)
5. Wrongful Death (C.C.P. §377.60)
6. Survival Action (42 U.S.C. §1983 & C.C.P. § 377.34)
7. Negligence
8. Battery
9. Violation of Bane Act (Cal. Civ. Code §51.7)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

I.R. and H.R. all as minors by and through their Guardian Ad Litem Claudia

Nava and Nora Nava, respectively, for their complaint against Defendants City of

Fresno, County of Fresno, and DOES 1-10, inclusive, allege as follows:

## INTRODUCTION

1.  This civil rights lawsuit seeks compensatory and punitive damages from

Defendants for violating various rights under the United States Constitution,

Constitution of the State of California, and California State Law in connection with the

fatal police tasering and hogtying of the decedent, Raul Rosas.

## PARTIES

2. At all relevant times, decedent Raul Rosas ("DECEDENT") was an individual

residing in County of Fresno, California.

3. Plaintiff I.R., a minor individual residing in County of Fresno, California and

is the natural born child to DECEDENT. I.R. sues by and through her natural mother

and Guardian Ad Litem, CLAUDIA NAVA, in her individual capacity and in a

representative capacity as successor in interest to DECEDENT. I.R. seeks both

survival and wrongful death damages under federal and state law.

4. Plaintiff H.R., a minor individual residing in County of Fresno, California and is the natural born child to DECEDENT. H.R. sues by and through her natural grandmother and Guardian Ad Litem, NORA NAVA, in her individual capacity and in a representative capacity. H.R. seeks both survival and wrongful death damages under federal and state law.

5. At all relevant times, Defendant CITY OF FRESNO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, Defendant COUNTY OF FRESNO ("COUNTY") was and is organized and existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-10, who were CITY Police Officers. DOES 1-10 are sued in their individual capacity for damages only.

6. At all relevant times, Defendants DOES 1-10 were duly appointed CITY Police Officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

8. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

COMPLAINT FOR DAMAGES

9. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10. On September 19, 2011, Plaintiffs filed a comprehensive and timely claim for damages with CITY pursuant to applicable sections of the California Government Code.

11. Plaintiffs' claims were rejected on October 18, 2011 by operation of law.

12. On September 19, 2011, Plaintiffs filed a comprehensive and timely claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

13. Plaintiffs' claims were rejected by operation of law.

## JURISDICTION AND VENUE

14. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1334, and 1367.

15. Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Fresno, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. On the morning of June 6 2011, DECEDENT was out walking on the 200 block of S. Lind Avenue at which time he subsequently entered his friend's residence located at 251 S. Lind Avenue. It has been alleged that deputies had been called DECEDENT's home as a result of a domestic disturbance..

18. DOE OFFICER started pounding on the door yelling for it to be opened or he would kick it down. DECEDENT was afraid and ran into the bathroom and started to go out the window.

19. Absent consent from the owner of the house, the DOE OFFICER ran into the house and went to the bathroom where DECEDENT was. DOE OFFICER attempted to apprehend DECEDENT at which time an altercation allegedly ensued. DOE OFFICER tried to wrap his arms around DECEDENT, but DECEDENT slipped through officer's arms and ran to the door. At no time was DECEDENT armed with any type of weapon and DECEDENT had not committed a crime.

20. DOE OFFICER 2 was at the front door and pepper sprayed DECEDENT before he reached the door. DOE OFFICERS then grabbed DECEDENT and threw him to the ground. DOE OFFICERS told DECEDENT to "stop resisting" and DECEDENT said "All right!"

21. DECEDENT'S friend and the home's tenant was outside at the time and saw two more officers enter the house. Immediately afterwards, the sound of a taser being used on DECEDENT was audible. DECEDENT was tasered countless number of times.

22. Two of DECEDENT'S friends tried to enter the home, concerned for DECEDENT'S safety, DOE OFFICER told them to get the "fu*k" out of there. The sounds of the taser being used were heard for eight to ten more minutes.

23. When DOE OFFICERS and DECEDENT exited the residence, DECEDENT was being carried and his hands were handcuffed and he was hogtied with his ankles tied to his handcuffs behind his back.

24. DECEDENT was then slammed onto a table in the residence's backyard face down. An officer was observed with his knee on DECEDENT'S back while DECEDENT was hogtied, handcuffed, and face down.

25. DECEDENT stated that he couldn't breathe and that he needed water; an officer ran water from a hose onto DECEDENT'S face and mouth to the point of

making it more difficult for DECEDENT to breathe. DECEDENT tried to move his mouth away from the water and gasp for air. A witness yelled "He can't breathe, you're drowning him," but the officer continued running water over DECEDENT'S face.

26. After turning the water off, the DOE OFFICER(s) continued to press his knee against DECEDENT'S back and continued to put pressure on it. Witnesses repeatedly asked officers to let DECEDENT get up because he couldn't breathe, but their cries for help were ignored.

27. By now there were in excess of 15 deputies and officers on the scene.

28. After some time passed, DECEDENT had clear spit bubbles coming out of his mouth. Witnesses observed DECEDENT'S lips turn purple.

29. Witnesses yelled at officers that DECEDENT was not breathing and pointed to the clear spit bubbles but again were ignored. DOE OFFICER claimed DECEDENT was "faking it".

30. Officers, after much pleading from witnesses, checked DECEDENT'S pulse and discovered he had stopped breathing after not feeling anything when they touched DECEDENT'S neck.

31. DECEDENT had his handcuffs taken off and was untied and placed on his back on the ground. After some time had passed, an officer started doing chest

compressions but none of the officers administered mouth-to-mouth resuscitation to the DECEDENT. Ultimately a witness at the scene administered CPR to DECEDENT.

32. Some time later, an ambulance arrived and took over trying to revive DECEDENT.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. §1983)

(Against Defendants DOES 1-10)

33. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Defendants DOES OFFICERS caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. As a result of the conduct of Defendant DOES OFFICERS, Defendants are liable for DECEDENT'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

36. The DECEDENT was unarmed, posed no immediate threat of serious bodily harm to any officers, yet he was tasered countless times and hogtied without reasonable suspicion and probable cause.

37. The conduct of Defendants DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

38. Plaintiffs I.R. and H.R. brings this claim individually and as successor-in-interest to DECEDENT, by and through their respective Guardians ad Litem, and seek both survival and wrongful death damages under federal law for the violation of DECEDENT'S rights. Plaintiffs also seek attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure and Due Process – Excessive Force (42 U.S.C. §1983)**

(Against Defendants DOES 1-10)

39. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein. Specifically, the use of deadly force was excessive and unreasonable under the circumstances.

40. Defendants DOES 1-10 tasered and hogtied DECEDENT despite the fact that DECEDENT was unarmed, and posed no immediate threat of serious bodily harm to any officers. DOES OFFICERS' unjustified tasering and hogtying deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41. The unreasonable use of deadly force by Defendants DOES 1-10 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, and care of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

43. As a result of their conduct, Defendants DOES 1-10 are liable for DECEDENT'S injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

44. The conduct of Defendants DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore

warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

45. Plaintiffs brings this claim individually and as successor-in-interest to the DECEDENT, by and through their respective Guardians ad Litem, and seek both survival and wrongful death damages under federal law for the violation of DECEDENT'S rights. Plaintiffs also seek attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. §1983)

(Against Defendants DOES 1-10)

46. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. I.R. and H.R. had a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference in Plaintiff's familial relationship with their father, DECEDENT.

48. DECEDENT had a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from

state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

49.  As a result of the excessive force by Defendants DOES 1-10 and failure of Defendants DOES 1-10 to intervene, DECEDENT died. Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT. The involved officers interfered with the familial relationship between the Plaintiffs and DECEDENT.

50. Defendants DOES 1-10, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

51. The aforementioned actions of Defendants DOES 1-10, along with other undiscovered conduct, shock the conscience, in that deliberation was practical and they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

52. Defendants DOES 1-10, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

53. As a direct and proximate cause of the acts of Defendants DOES 1-10, the DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been

injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, and care of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

54. As a result of the conduct of Defendants DOES 1-10, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

55. The conduct of Defendants DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

56. Plaintiff I.R. and H.R. bring this claim as successor-in-interest to DECEDENT, and seek both survival and wrongful death damages under federal law. Plaintiffs also seek attorney fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Supervisory Liability for Constitutional Violations (42 U.S.C. §1983)**

(Against Defendants CITY and COUNTY)

57. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58. Defendants CITY and COUNTY, inclusive, failed to adequately train, supervise, discipline, or in any other way control CITY Police Officers DOES 1-10, in the exercise of their duties as officers, sergeants, commanders, and/or supervisors.

59. Defendants CITY and COUNTY knowingly and deliberately fostered, maintained, and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as DECEDENT and that such policy, practice, custom, and/or actions were a direct and legal cause of his death. The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding both the use of force, including deadly force, and the proper procedures to be followed in detaining individuals.

60. Moreover, Defendants CITY and COUNTY learned and became aware of the excessive force used against DECEDENT and others and tolerated, encouraged, and condoned this misconduct by consciously ignoring, turning a blind eye and overlooking the misconduct.

61. By consciously and deliberately overlooking the acts of misconduct by their subordinate officers Defendants DOES 1-10, Defendants CITY and COUNTY established a custom and practice of condoning and ratifying such misconduct, and established a tolerated pattern of constitutional violations amongst their subordinate officers.

62. Defendants CITY and COUNTY, through their custom and practice of encouraging, condoning, tolerating, and ratifying constitutional violations by their subordinate officers, including Defendants DOES 1-10, were deliberately indifferent to the constitutional violations being committed by their subordinates, including said subordinate officers.

63. Based on the custom and practice of condoning, tolerating, and ratifying constitutional violations and a failure to adequately train and discipline subordinate officers who committed constitutional violations, such as Defendants DOES 1-10, Defendants CITY and COUNTY are liable for constitutional violations committed by said defendants for the damages suffered by DECEDENT and by Plaintiffs as set forth herein.

64. The aforementioned acts of the individual Defendants CITY and COUNTY were willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

## FIFTH CLAIM FOR RELIEF

### Wrongful Death (C.C.P. §377.60)

(Against All Defendants)

65. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66. Plaintiffs I.R. and H.R. as successors-in-interest of DECEDENT and the surviving heirs of DECEDENT assert, by and through their respective Guardians ad Litem, a wrongful death action against all Defendants pursuant to §377.60 et.seq. of the California Code of Civil Procedure. Said claim is based upon the fact that the negligent, reckless, and wrongful acts and omissions of Defendants, as alleged herein, were a direct and legal cause of DECEDENT'S death and the resulting damages to Plaintiffs.

67.  Plaintiffs are informed and believe and thereon allege that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare, and safety of DECEDENT and Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against defendants in an amount to be determined at time of trial.

68. Plaintiffs are claiming wrongful death damages under the Fourth and Fourteenth Amendment claims, and also under their state law claims for battery, negligence, and violation of Civil Code 52.1.

## SIXTH CLAIM FOR RELIEF

### Survival Action (42 U.S.C. §1983 and C.C.P §377.34)

(Against All Defendants)

69. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70. This cause of action is brought by Plaintiffs I.R. and H.R. as successors-in-interest to DECEDENT, by and through their respective Guardians ad Litem, based on violations of his Fourth and Fourteenth Amendment rights, and pursuant to 42 U.S.C. §1983 and Section 377.34 of the California Code of Civil Procedure.

71. As a proximate result of the wrongful conduct of Defendants as alleged, DECEDENT suffered intense physical and emotional pain, anguish, distress, despair, and suffering all during the time of the excessive force used by Defendants and up until the time of his death at the hands of Defendants. Plaintiffs are claiming survival damages under their Federal and State law claims.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code §820 and California Common Law)

(Wrongful Death)

(Against All Defendants)

72. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73. The actions and inactions of the Defendants were negligent and reckless, including, but not limited to:

(a) the failure to properly and adequately assess the need to detain and use force or deadly force against DECEDENT;

(b) the negligent tactics and handling of the situation with DECEDENT, including the countless use of a taser, hogtying DECEDENT and blocking his air passages first by running water on his face and then pressing a knee to his back so that he was left breathless and died;

(c) the negligent detention, arrest, and tactics in conducting an investigation into a report of a domestic disturbance, and negligent use of force, including, deadly force, against DECEDENT who was at all times unarmed and posed no immediate threat of grave bodily harm to the officers or others;

(d) the failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1-10;

(e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(f) the negligent handling of evidence and information.

74. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff ahs also been deprived of the life-long love, companionship, comfort, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

75. CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. Plaintiff s I.R. and H.R. bring this claim individually and as successors-in-interest to DECEDENT, by and through their respective Guardians ad Litem, and seek both survival and wrongful death damages under state law.

## EIGHTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code §820 and California Common Law)**

(Wrongful Death)

(Against All Defendants)

77.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78. Defendants DOES 1-10 while working as Police Officers for CITY or COUNTY, and acting within the course and scope of their duties, intentionally tasered, hogtied, and blocked DECEDENT's air passages so that he could not breathe. The abovementioned acts were an unreasonable use of force against the DECEDENT which the DECEDENT did not consent to. As a result of the actions of Defendants, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. Defendants had no legal justification for using force against DECEDENT and said Defendants' use of force while carrying out their police duties was an unreasonable use of force.

79. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life. Defendants CITY and COUNTY are vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

80. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

81. Plaintiffs I.R. and H.R. bring this claim individually and a successors-in-interest to DECEDENT, by and through their respective Guardians ad Litem, and seek both survival and wrongful death damages under state law.

## NINTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civ. Code §51.7 and California Common Law)

### (Against all Defendants)

82. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83. Defendants DOES 1-10, while working as Police Officers for the CITY Police Department or COUNTY, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

84. DECEDENT reasonably believed that if he exercised his constitutional rights, Defendants DOES 1-10 would not commit acts involving violence, threats, coercion, or intimidation against him.

85. Defendants DOES 1-10 injured DECEDENT to prevent DECEDENT from exercising his rights or retaliated against DECEDENT for having exercised his rights.

86. DECEDENT was caused to suffer severe pain and suffering and ultimately died. Plaintiffs have suffered mental anguish and pain and have been injured in mind and body. Plaintiffs have been deprived of the life-long comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

87. The conduct of Defendants DOES 1-10 was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT and Plaintiffs.

88. CITY and COUNTY are vicariously liable for the wrongful acts of Defendants DOES 1-10, police officers and sheriff's deputies, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

89. The conduct of Defendants DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

90. Plaintiffs I.R. and H.R. bring this claim individually and as successors-in-interest to DECEDENT, by and through their respective Guardians ad Litem. Plaintiffs seek both survival and wrongful death damages under state law. Plaintiffs also seek attorney fees under this claim.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and

Defendants City of Fresno, County of Fresno, and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful

    death damages under federal and state law in an amount to be proven at trial;

B. For punitive damages in an amount to be proven at trial;

C. For funeral and burial expenses, and loss of financial support;

D. For punitive damages against the individual defendants at an amount to be

    proven at trial;

E. For interest;

F. For reasonable costs of this suit and attorney's fees; and

G. For such further relief as the Court may deem just and appropriate.


DATED: April 6, 2012                    **THE CLAYPOOL LAW FIRM**


                                        Brian E. Claypool, Esq.,
                                        Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: April 6, 2012                    **THE CLAYPOOL LAW FIRM**


Brian E. Claypool, Esq.,
Attorneys for Plaintiffs