**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.R., a minor by and through her Guardian Ad Litem, Claudia Nava; and H.R., a minor by and through her Guardian Ad Litem, Nora Nava,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF FRESNO; COUNTY OF FRESNO; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | 1:12-CV-00558 AWI GSA<br><br>ORDER VACATING SEPTEMBER 10, 2012 HEARING DATE AND GRANTING IN PART AND DENYING MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE<br><br>(Doc. No. 15) |

　　Currently pending before this Court are a motion for a more definite statement and a motion to strike filed by Defendant County of Fresno (the "County"). See Court's Docket, Doc. No. 15. This motion is set for hearing on September 10, 2012, at 1:30 p.m. in Courtroom 2. Plaintiffs have filed an opposition to the motion, and the County has filed a reply. The Court has reviewed the moving papers and has determined that this matter is suitable for decision without oral argument. See Local Rule 230(g).

**BACKGROUND**

　　Plaintiffs I.R and H.R., by and through their respective guardians, filed the instant civil rights action against Defendants City of Fresno, County of Fresno, and Does 1-10. The case arises from death of Raul Rosas. Plaintiffs allege Mr. Rosas was tasered and hogtied by members of the Fresno Police Department and/or Fresno County Sheriff's Department, causing

1  Mr. Rosas' death.  Plaintiffs allege the police officers and/or deputies were acting in the course
2  and scope of their employment with the City and County of Fresno, respectively.
3       The County filed the instant motion for a more definite statement requesting that the
4  Court order Plaintiffs to clarify the identities of "DOES 1-10," "DOE OFFICER," "DOE
5  OFFICER 2," and "DOE OFFICERS."  The County contends that "DOES 1-10" are identified in
6  the complaint as actors on behalf of the City of Fresno.  However, in paragraphs 78 and 83 of the
7  complaint, the definition of "DOES 1-10" appears to expand to include police officers acting on
8  behalf of the County.  Simultaneously with the filing of its present motion, the County filed an
9  answer.  The County contends that due to the ambiguity caused by the failure to identify "DOES
10 1-10," "DOE OFFICER," "DOE OFFICER 2," and "DOE OFFICERS," the County has denied
11 most of the allegations in the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth
12 causes of action.  The County requests that the Court order Plaintiffs to provide a more definite
13 statement as to the identity of the Doe Defendants so that it can properly admit or deny the
14 allegations accordingly.
15      The County has also moved to strike any prayer for relief in the form of punitive damages
16 from the complaint.

**LEGAL STANDARD**

**A.   Rule 12(e)**

19      Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more
20 definite statement of a pleading . . . which is so vague or ambiguous that the party cannot
21 reasonably prepare a response." Fed. R. Civ. P. 12(e).  "However, motions for a more definite
22 statement are disfavored, and 'ordinarily restricted to situations where a pleading suffers from
23 unintelligibility rather than want of detail.'" Dri-Eaz Products, Inc. v. Nguyen, No. C11-1654Z,
24 2012 U.S. Dist. LEXIS 60860, at *4 (W.D. Wash. May 1, 2012) (quoting Hayton Farms Inc. v.
25 Pro-Fac Corp. Inc., No. C10-520-RSM, 2010 U.S. Dist. LEXIS 132167, at *4 (W.D. Wash. Dec.
26 14, 2010)).  A Rule 12(e) motion is proper only if the complaint is so indefinite that the

defendant cannot ascertain the nature of the claim being asserted in order to frame a response. See Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted. See Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D.Cal.1996). The Court may also deny the motion if the detail sought by a motion for a more definite statement is obtainable through the discovery process. Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D.Cal. 1993).

**B.     Rule 12(f)**

Rule 12(f) allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Id. Motions to strike are disfavored. "Motions to strike should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." Gay-Straight Alliance Network v. Visalia Unified School Dist., 262 F.Supp.2d 1088, 1099 (E.D.Cal.2001). Nevertheless, a motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. See Id. at 1110-11; Bureerong, 922 F.Supp. at 1479 n. 34; Nurse v. United States, 226 F.3d 996, 1004-05 (9th Cir.2000). Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party. Fantasy, Inc., 984 F.2d at 1527.

## DISCUSSION

Rule 12(e) provides that a party may move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). In the instant action, the County filed an answer on the same day that it filed the instant motion for a more definite statement. Strictly speaking, this sequence of events does not comply with plain language of Rule 12(e), which requires such a motion to be filed "before filing a responsive pleading." Because the County has already filed an answer, it cannot now claim that the complaint is "so vague and ambiguous" that it cannot formulate a responsive pleading. The Court finds that Plaintiffs' complaint is intelligible and specific enough to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The complaint sufficiently apprises the County of the substance of the claim being asserted - the alleged tasering and hogtying of Raul Rosas in violation of his rights under 42 U.S.C. § 1983 -  to allow the County to respond.

In addition, the information sought by the County - specifically, which officers employed by the County were present when Mr. Rosas was allegedly tasered and hogtied - is available through the discovery process.  Plaintiffs contend the City of Fresno Police Department and the County of Fresno Sheriff's Department have not yet released the names of all officers and deputies on the scene.  Plaintiffs further contend they are not yet in possession of the District Attorney's criminal investigative file due to the ongoing nature of the investigation.  Moreover, the County, through review of its own records, should be able to ascertain which, if any, of its deputies responded to the incident involving Raul Rosas on the morning of July 6, 2011.  Thus, the Court finds that because the identities of the County employees allegedly present can readily be ascertained through the liberal federal discovery procedures, the instant action does not warrant a more definite statement.  If, in the course of discovery, the County learns of information that would require it to amend its answer, it may seek opposing counsel's consent or leave of the Court to do so pursuant to Federal Rule of Civil Procedure 15.

In their opposition brief, Plaintiffs indicate they are willing to stipulate to striking the request for punitive damages against the public entity defendants. The Court will therefore, as to the public entity defendants, strike from the complaint the prayer for punitive damages in an amount to be proven at trial.

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED THAT:

1. The September 10, 2012 hearing date is hereby VACATED;

2. Defendant's motion for a more definite statement is DENIED;

3. Defendant's motion to strike the prayer for punitive damages as to the public entity defendants is GRANTED.

IT IS SO ORDERED.

Dated:     September 5, 2012

                                                  CHIEF UNITED STATES DISTRICT JUDGE