UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.R., a minor, individually and as successor in interest to Raul Rosas and by and through her guardian ad litem, Claudia Nava; and H.R., a minor, individually and as successor in interest to Raul Rosas and by and through her Guardian Ad Litem, Nora Nava,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CITY OF FRESNO, a municipality; OFFICER MIGUEL ALVAREZ (#1351), an individual; OFFICER SAMMY ASHWORTH (#1011), an individual; OFFICER TROY MILLER (#1197), an individual; COUNTY OF FRESNO, a municipality; DEPUTY CHRISTIAN LIGHTNER (#6453), an individual; DEPUTY MANUEL FLORES (#4060), an individual; and DOES 6-10, inclusive,<br><br>        Defendants. | CASE NO. 1:12-CV-00558-AWI-GSA<br><br>**ORDER GRANTING DEFENDANT COUNTY OF FRESNO'S MOTION TO COMPEL**<br><br>**ORDER DENYING PLAINTIFFS' COUNSEL'S REQUEST TO APPEAR TELEPHONICALLY FOR THE HEARING REGARDING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>(Doc. 32) |

**I.    Introduction**

Pending before the Court is Defendant County of Fresno's ("County Defendant") Motion to Compel Responses and Documents From Plaintiffs H.R. and I.R., to Defendant's Special Interrogatories, Set No. One and Requests for Production of Documents, Set No. One filed on January 22, 2013 . (Doc. 32). On January 23, 2013, this Court issued an order requiring that counsel file a Joint Statement Regarding Discovery Disagreements ("Joint Statement") pursuant to

this Court's Local Rule 251(c), and also required the personal appearance of both counsel at a hearing scheduled for February 22, 2013 at 9:30 a.m. (Doc. 33).

The parties filed a joint statement on February 15, 2013. (Doc. 34). On February 21, 2013, the day before the scheduled hearing at approximately, 2:45, the Court received a fax from Mr. Claypool requesting that he be allowed to appear telephonically at the hearing and/or that the hearing be continued. This Court issued a minute order noting that this was improper ex parte communication and advised counsel that the motions were not considered as they were not properly filed. (Doc. 36). Subsequently, Mr. Claypool properly filed the motions on CM/ECF. These motions were denied on the basis that the motions were untimely and that Mr. Claypool did not establish good cause for the request.

The hearing was held on February 22, 2013. Attorney Brande L. Gustafson from Weakley & Arendt, LLP appeared on behalf of Defendant. Plaintiff's attorney, Brian Claypool, did not appear. After full consideration of the Joint Statement and the arguments at the hearing, the County Defendant's Motion to Compel is GRANTED.

**II.     Relevant Background**

On November 30, 2012, Plaintiffs I.R. and H.R.("Plaintiffs") filed a First Amended Complaint alleging federal causes of action against the City of Fresno, Miguel Alvarez, Sammy Ashworh, Officer Troy Miller (collectively, "City Defendants"), the County of Fresno, Deputy Christian Lightner, and Deputy Manuel Flores. Specifically, Plaintiffs allege a violation of their civil rights and the civil rights of the decedent, Raul Ivan Rosas, Jr. ("Decedent") under 42 U.S.C. section 1983, as well as various state law causes of action. Plaintiffs also allege that they were "deprived of the life-long, love, companionship, comfort, support, society, and care of the decedent, and will continue to be deprived for the remainder of their natural lives." (Doc. 25, ¶¶ 49, 59, 80, and 92).

On October 19, 2012, County Defendant served Special Interrogatories, Set. No. One and Requests for Production of Documents, Set One on each of the Plaintiffs. (Doc. 34-2, pgs.1-20). On November 9, 2012, Rachelle Le Blanc, a legal assistant from Dale Galipo's office, one of Plaintiffs' attorneys, requested a thirty (30) day extension of time from the County to respond to the

propounded discovery. Declaration of Brande Gustafson dated February 15, 2013, ("Gustafson Declaration"), at ¶ 4. (Doc. 34-1). County Defendant granted Plaintiffs an extension of time until December 14, 2012, to serve the discovery responses. *Id*.

No responses were received by December 14, 2012. *Id*. at ¶ 6. On December 19, 2012, Natalie Vallejos, an assistant from Plaintiffs' other counsel, Brian Claypool, sent an e-mail correspondence requesting additional time to respond to the discovery requests. This request was sent to Valerie Velasco who no longer works at the firm employed by County Defendant's attorneys. *Id*.

On December 20, 2012, Ms. Gustafson sent correspondence to Ms. Partow, another one of Plaintiffs' counsel indicating that County Defendant was not willing to retroactively grant another extension request to respond to the discovery. *Id*. at ¶ 7. Ms. Gustafson noted that because the responses were untimely, Plaintiffs had waived objections to the requested items. Ms. Gustafson also advised that she would be willing to resolve the issue informally if complete responses were received by December 27, 2012, otherwise she would seek Court intervention. *Id*. She was told that Mr. Claypool was handling the discovery requests and that correspondences should be directed to Mr. Claypool and his assistant Ms. Vallejos. *Id*. at ¶ 8.

Later that same day, Ms. Gustafson received an e-mail from Ms. Vallejos indicating that the responses would be mailed out on December 21, 2012. *Id*. at ¶ 9. Ms. Gustafson received an e-mail from Ms. Vallejos on December 21, 2012. The e-mail contained responses to the requested discovery, but the responses were not verified by Plaintiffs, they contained objections, and they did not contain a signature from the attorney preparing the responses. *Id.* at ¶ 10, Doc. 34-2, pgs. 56-69, Doc. 34-3. pgs. 1-21.

Ms. Gustafson attempted to contact Mr. Claypool on January 2, 15, and 22 regarding the deficiencies without success. *Id*. at ¶¶ 16, 18, 19, 21. Later in the day on January 22, Ms. Gustafson received an e-mail from Ms. Vallejos indicating that Plaintiffs were still trying to obtain the verifications for the discovery responses, however, no reference to the other deficiencies were mentioned. As a result, Ms. Gustafson filed the instant Motion to Compel.

Ms. Gustafson attempted to contact Mr. Claypool again on January 25, 2013, to meet and

1   confer regarding the discovery dispute. *Id*. at ¶¶ 23 - 25. A meet and confer was subsequently set up
2   for January 30, 2013. Ms. Gustafson alleges that Mr. Claypool was unprepared for the meet and
3   confer on January 30, 2013, but he indicated he would check with his client to get the requested
4   items. *Id*. at ¶ 27. As of February 14, 2013, Plaintiffs had not supplemented their discovery
5   responses, nor did they supply the required verifications. *Id*. at ¶ 28. Plaintiffs also did not provide
6   responses for its portion of the Joint Statement until late in the afternoon on February 14, 2013. *Id*.
7   at ¶¶ 30, 33, 34. Additional documents including a death and birth certificate and verifications were
8   faxed to Ms. Gustafson on February 15, 2013. *Id*. at ¶¶ 36-40.

9   The parties' Joint Statement was filed on February 15, 2013 and consisted of twenty nine-
10  pages excluding exhibits. Plaintiffs' opposition to the motion consisted of less than one page. In
11  the opposition, Mr. Claypool represented that since Defendant had not agreed to an extension, he
12  was supplying the documents to the best of his ability. Mr. Claypool also indicated that he was
13  working with Ms. Gustafson to provide as much of the information as possible, but that several of
14  the items were not in Plaintiffs' possession. He indicated that he would make the documents
15  available when he has them but until that time, "there [was] not much Plaintiff[s] can do to appease
16  Defendant." Doc. 34 at pg. 26, line 11. Mr. Claypool subsequently filed an *untimely* 3 ½ page
17  declaration regarding the discovery dispute on February 21, 2013. (Doc. 38). In this declaration, he
18  outlines the attempts he had made to obtain the discovery documents. He asserts that he was having
19  difficulty communicating with his clients and that he has acted in good faith to obtain the
20  information requested.

21  In Relpy, County Defendant argues that the responses provided by Plaintiffs were still
22  incomplete and insufficient. Specifically, Plaintiffs' responses still contained objections, several of
23  the interrogatories were not answered, the requested documents were not properly submitted, and
24  the responses were not properly verified. Moreover, County Defendants' counsel contends that
25  Plaintiffs' counsel's communication regarding this dispute has been lacking.

26  The hearing regarding this motion was held on February 22, 2013. As previously noted,
27  Plaintiffs' counsel did not appear for the hearing despite being ordered to do so. At the hearing,
28  County Defendant specifically indicated that Plaintiffs' responses to the following discovery

requests were still deficient :

1. Interrogatory No. 3 (H.R. & I.R.);
2. Interrogatory No. 5 (H.R. only);
3. Interrogatory No. 6 (Erroneously identified as No. 5 in Defendant County's Interrogatories to H.R.) & Interrogatory No. 5 (I.R.);
4. Interrogatory No. 7 (Erroneously identified as No. 6 in Defendant County's Interrogatories to H.R.) & Interrogatory No. 6 (I.R.);
5. Interrogatory No. 11 (Erroneously identified as No. 10 in Defendant County's Interrogatories to H.R.) & Interrogatory No. 11 (I.R.); and
6. Interrogatory No. 13 (Erroneously identified as No. 12 in Defendant County's Interrogatories to H.R.) & Interrogatory No. 12 (I.R.).
7. Production of Document Request No. 1 (H.R. & I.R.);
8. Production of Document Request No. 5 (H.R. & I.R.);
9. Production of Document Request No. 6 (H.R. & I.R.);
10. Production of Document Request No. 10 (H.R. & I.R.); and
11. Production of Document Request No. 11 (H.R.) & Request No. 12 (I.R.).

County Defendant requests a Court order requiring that Plaintiffs provide the discovery listed above.

**III.  Discussion**

Rule 26(b) of the Federal Rules of Civil Procedure establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna*

*Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

      Fed. R. Civ. P. 33(b)(1)(B) requires that unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty days after being served. Additionally, Fed. R. Civ. P. 33(b)(3) and (5) requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Any untimely objection to the interrogatory is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). Finally, Fed. R. Civ. P. 34(b)(2)(B) requires parties answering requests for production of documents "either state that inspection and related activities will be permitted as requested or state an objection to the request including the reasons" in each response. All discovery responses must signed and properly verified. Fed. R. Civ. P. 26(g).

      Here, it is clear that Plaintiffs' responses to the requested discovery is both untimely and incomplete. Further, Mr. Claypool's incomplete response in the Joint Statement, as well as his failure to appear for the hearing is unacceptable. Plaintiffs' counsel was given one extension of time, until December 14, 2013, to respond to the discovery requests. This date came and went without any correspondence from *any* of Plaintiffs' attorneys. After this extension, County Defendant's attorney has spent several hours attempting to resolve this dispute prior to filing the instant Motion to Compel. Mr. Claypool's assertion that Plaintiffs' discovery obligations have now been met since he has submitted responses which appear to be incomplete and insufficient is unavailing. Moreover, Mr. Claypool's disregard for opposing counsel's time and for this Court's orders is unimpressive. The Court notes that this is not the first instance where Mr. Claypool has been involved in a discovery dispute before the undersigned and failed to appear for a hearing. *See*, *Stanleigh Megargee et al. v. Wittman et. al.*, 06-cv-684 LJO- GSA (E.D. Cal. 2006), Docs. 80, 96, 133, 136, 137.

      Mr. Claypool is reminded that this Court is one of the busiest Courts in the nation. Orders setting briefing deadlines, and orders requiring the personal appearance of counsel are not mere suggestions that may be disregarded by Counsel. The Court expects that attorneys will abide by the Court's orders and will act in accordance with their professional obligations. Filing an incomplete response in a Joint Statement and later filing a supplementary declaration that does not comply with

6

the Court's Local Rules is unacceptable. See, L.R. 251(c). Additionally, faxing a request for a continuance of a hearing the afternoon prior to the hearing wherein personal appearances have been ordered is improper. This is especially true in this instance because the basis of the continuance was that Mr. Claypool had vacation plans that were scheduled several weeks earlier.

There is currently a Motion for Sanctions that is set for March 29, 2013. Plaintiffs' counsel requested that he be permitted to appear telephonically for this motion that was initially scheduled for March 15, 2013 due to scheduling conflicts. This request is now moot as the Court subsequently rescheduled the hearing for March 29, 2013. Both counsel have been ordered to personally appear (Doc. 45) and the Court expects that counsel will be physically present.

**IV.   Conclusion**

Given the above, it is clear that Plaintiffs have not met their discovery obligations under the Fed. R. Civ. P. Rules 26, 33, and 34. Accordingly, County Defendant's Motion to Compel is GRANTED. As such, Plaintiffs shall produce signed verified supplemental responses to Defendant County's Special Interrogatories, Set No. One with all objections removed from all responses and supplemental responses to:

1. Interrogatory No. 3 (H.R. & I.R.);
2. Interrogatory No. 5 (H.R. only);
3. Interrogatory No. 6 (Erroneously identified as No. 5 in Defendant County' Interrogatories to H.R.) & Interrogatory No. 5 (I.R.);
4. Interrogatory No. 7 (Erroneously identified as No. 6 in Defendant County's Interrogatories to H.R.) & Interrogatory No. 6 (I.R.);
5. Interrogatory No. 11 (Erroneously identified as No. 10 in Defendant County's Interrogatories to H.R.) & Interrogatory No. 11 (I.R.); and
6. Interrogatory No. 13 (Erroneously identified as No. 12 in Defendant County's Interrogatories to H.R.) & Interrogatory No. 12 (I.R.).

Plaintiffs shall also produce signed verified responses to Defendant County's Requests for Production of Documents, with all objections removed, and produce responsive documents for the following requests:

1. Request No. 1 (H.R. & I.R.);
2. Request No. 5 (H.R. & I.R.);
3. Request No. 6 (H.R. & I.R.);
4. Request No. 10 (H.R. & I.R.); and
5. Request No. 11 (H.R.) & Request No. 12 (I.R.).

If Plaintiffs determine there are no documents responsive to any given request, they shall so state in a verified written answer to that request. Plaintiffs shall produce the foregoing **no later than 10 days** from the date of this order.

IT IS SO ORDERED.

Dated:   March 18, 2013                             /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE