1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 I.R., a minor, individually and as successor in )   CASE NO. 1:12-cv-558 AWI GSA
   interest to Raul Rosas and by and through her )
12 guardian ad litem, Claudia Nava; and H.R., a )
   minor, individually and as successor in interest to )
13 Raul Rosas and by and through her Guardian Ad )
   Litem, Nora Nava, )
14                                                  )   **ORDER GRANTING DEFENDANTS'**
                                                    )   **MOTIONS FOR SANCTIONS IN PART**
                   Plaintiffs,                      )
15                                                  )
               vs.                                  )
16                                                  )
   CITY OF FRESNO, a municipality; OFFICER )
17 MIGUEL ALVAREZ (#1351), an individual; )
   OFFICER SAMMY ASHWORTH (#1011), an )    (Docs. 42 and 51)
18 individual; OFFICER TROY MILLER (#1197), )
   an individual; COUNTY OF FRESNO, a )
19 municipality; DEPUTY CHRISTIAN )
   LIGHTNER (#6453), an individual; DEPUTY )
20 MANUEL FLORES (#4060), an individual; and )
   DOES 6-10, inclusive, )
21                                                  )
                   Defendants.                      )
22 _____ )

23

24 **I.      Introduction**

25         Pending before the Court are two Motions for Sanctions (the "motions") filed by County of

26 Fresno Defendants (" Defendants")[1] that were filed on March 1, 2013, and April 5, 2013, respectively.

27 (Docs. 42 and 51).  Plaintiffs, I.R. and H.R., ("Plaintiffs") filed oppositions to the motions on March

28

---

[1] The Defendants filing these motions are the County of Fresno, Christian Lightner, and Manuel Flores.  There are
other City of Fresno Defendants including the City of Fresno and two officers, Sammy Ashworth and Troy Miller, named
in this action but they are not involved in this discovery dispute.

1  7, 2013, and April 12, 2013.  (Docs. 43 and 53).  In response, County Defendants filed replies on

2  March 14, 2013, and April 23, 2013.  (Docs. 46 and 54).   A hearing on the motions was held on April

3  26, 2013.  Brian Claypool ("Mr. Claypool") appeared on behalf of Plaintiffs, and Brande Gustafson

4  and James Weakley appeared on behalf of Defendants.  Defendants' motions seek evidentiary

5  sanctions and attorney's fees for Plaintiffs' failure to comply with discovery requests.  Upon a review

6  of the pleadings and the arguments presented at the hearing, Defendants' Motions for Sanctions are

7  GRANTED IN PART AND DENIED IN PART.

8  **II.      Relevant Background**

9          *A.      The Basis for the Requested Sanctions and Defendants' Motion to Compel*

10         On October 19, 2012, Defendants served Plaintiffs with Special Interrogatories, Set. No. One,

11  and Requests for Production of Documents, Set One. (Doc. 34-2, pgs.1-20).  The responses were due

12  on November 19, 2012.  Plaintiffs were given an extension of time until December 14, 2012, to

13  respond.  *See*, Declaration of Brande Gustafson dated February 15, 2013, ("Gustafson Declaration"),

14  at ¶ 4. (Doc. 34-1).  No responses were received by December 14, 2012, as required.  *Id*. at ¶ 6.

15         Instead, Plaintiffs sought an additional continuance on December 19, 2012.[2]  *Id*. at ¶ 6, 7.  Ms.

16  Gustafson indicated that no extension would be given, but that she would be willing to resolve the

17  issue informally if complete responses were received by December 27, 2012, otherwise she would

18  seek Court intervention. *Id*. at  ¶ 7. (Doc. 34-1)*.*

19         Later that same day, Ms. Gustafson received an e-mail from Ms. Vallejos (Mr. Claypool's

20  assistant) indicating that the responses would be mailed out on December 21, 2012.  *Id*. at ¶ 9.

21  Thereafter, on December 21, 2102, Ms. Gustafson received an e-mail from Ms. Vallejos. The e-mail

22  contained responses to the requested discovery, but the responses were not verified by Plaintiffs, they

23  contained objections, and they did not contain Mr. Claypool's signature.  *Id.* at ¶10, Doc. 34-2, pgs.

24  56-69, Doc. 34-3. pgs. 1-21.

25         Ms. Gustafson attempted to contact Mr. Claypool several times between January 2 and 22,

26  2013, regarding the deficiencies without success.  *Id*. at ¶¶ 16, 18, 19, 21.  Later in the day on January

27

28         [2] On December 19, 2013, Mr. Claypool's office attempted to contact an attorney who was no longer employed at the Defendants counsel's law firm requesting an additional continuance.  His request was ultimately forwarded to Ms. Gustafson, Defendants' current attorney.

1  22, 2013, Ms. Gustafson received an e-mail from Ms. Vallejos indicating that Plaintiffs were still

2  trying to obtain the verifications for the discovery responses, however, no reference to the other

3  deficiencies were mentioned.  As a result, Ms. Gustafson filed a Motion to Compel on January 22,

4  2013. (Doc. 32). On January 22, 2013, the Court ordered the personal appearance of counsel at the

5  hearing on the Motion to Compel on February 22, 2013.  (Doc. 33).

6          Once the Motion to Compel was filed, Ms. Gustafson attempted to contact Mr. Claypool again

7  on January 25, 2013, to meet and confer regarding the discovery dispute.  *Id*. at ¶¶ 23 - 25. A meet

8  and confer was subsequently set up for January 30, 2013.  Ms. Gustafson alleges that Mr. Claypool

9  was unprepared for the meet and confer on January 30, 2013, but he indicated he would check with

10  his client to get the requested items.  *Id*. at ¶ 27.  As of February 14, 2013, Plaintiffs had not

11  supplemented their discovery responses, nor had they supplied the required verifications.  *Id*. at ¶ 28.

12  Plaintiffs also did not provide responses for their portion of the Joint Statement until late in the

13  afternoon on February 14, 2013. *Id*. at ¶¶ 30, 33, 34.  This delay is significant because the Joint

14  Statement was to be filed no later than February 15, 2013.  On February 15, 2013, additional

15  documents including death, birth certificates and verifications were faxed to Ms. Gustafson.  *Id*. at ¶¶

16  36-40.

17          The parties' Joint Statement was filed on February 15, 2013, and consisted of twenty-nine

18  pages excluding exhibits. (Doc. 34).  Plaintiffs' opposition to the motion consisted of less than one

19  page.  In his opposition, Mr. Claypool indicated that since Defendants had not agreed to an extension,

20  he was supplying the documents to the best of his ability, but that several of the items were not in

21  Plaintiffs' possession.  He noted that he would make the documents available when he has them but

22  until that time, "there [was] not much Plaintiff[s] [could] do to appease Defendant[s]." (Doc. 34 at pg.

23  26, line 11).  On February 21, 2013, Mr. Claypool subsequently filed an *untimely* 3 ½ page

24  declaration regarding the discovery dispute. (Doc. 38).  In this declaration, he outlined the attempts he

25  had made to obtain the discovery documents.  He asserted that he was having difficulty

26  communicating with his clients and that he has acted in good faith to obtain the information

27  requested. *Id*.

28          On the day before the hearing on the Motion to Compel, at approximately 2:45 p.m., the Court

3

1 received a faxed motion from Mr. Claypool, requesting that the hearing be continued.  This request

2 was denied.[3]  (Doc. 36).  The hearing regarding the Motion to Compel was held on February 22, 2013.

3 (Doc. 40).  Plaintiffs' counsel did not appear at the hearing despite being ordered to personally

4 appear. (Doc. 47).  On March 18, 2013, the Court issued an order granting Defendants' Motion to

5 Compel in full  (Doc. 47), and ordered that Plaintiffs produce signed verified supplemental responses

6 to Defendants' Special Interrogatories, Set No. One, with all objections removed from all responses

7 and supplemental responses for the following requests:

8        1.     Interrogatory No. 3 (H.R. & I.R.);

9        2.     Interrogatory No. 5 (H.R. only);

10        3.     Interrogatory No. 6 (Erroneously identified as No. 5 in Defendant County'

11                Interrogatories to H.R.) & Interrogatory No. 5 (I.R.);

12        4.     Interrogatory No. 7 (Erroneously identified as No. 6 in Defendant County's Interrogatories

13                to H.R.) & Interrogatory No. 6 (I.R.);

14        5.     Interrogatory No. 11 (Erroneously identified as No. 10 in Defendant County's

15                Interrogatories to H.R.) & Interrogatory No. 11 (I.R.); and

16        6.     Interrogatory No. 13   (Erroneously identified as No. 12 in Defendant County's

17                Interrogatories to H.R.) & Interrogatory No. 12 (I.R.).

18      Plaintiffs were also ordered to produce signed verified responses to Defendants' Requests for

19 Production of Documents, with all objections removed, and produce responsive documents for the

20 following requests:

21        1.     Request No. 1 (H.R. & I.R.);

22        2.     Request No. 5 (H.R. & I.R.);

23        3.     Request No. 6 (H.R. & I.R.);

24        4.     Request No. 10 (H.R. & I.R.); and

25        5.     Request No. 11 (H.R.) & Request No. 12 (I.R.).

26

27

28       [3] In the Motion for Sanctions, Defendants argue that Mr. Claypool made false representations to the Court regarding his reasons for his continuance request. (Doc. 42-1, at pg. 4 and Doc. 42-3, at pg. 98-99).  The Court will not make a finding on this issue because the Court does not believe it is necessary given the other facts in this case.

1    The Court also ordered that if Plaintiffs determine there are no documents responsive to any given

2  request, they shall so state in a verified written answer to that request. The responses were to be

3  completed within ten days of the request.

4    B.    *Defendants' First Motion for Sanctions*

5    After the hearing on the Motion to Compel, Defendants filed their first Motion for Sanctions

6  on March 1, 2013, seeking attorney's fees in the amount of $20,643.60. (Doc. 42).   This amount

7  includes reimbursement for 91.6 hours of Ms. Gustafson's time at a rate of $161.00 per hour, and

8  11.2 hours for the services of paralegal Beverly Bell at a rate of $109.00 per hour to prepare the

9  Motion to Compel.  The $20,643.60 amount also includes an additional request for 28.7 hours of

10  attorney time and .5  hours of paralegal time at the rates listed above to prepare the first Motion for

11  Sanctions.

12    In this motion, Ms. Gustafson contends that Mr. Claypool was unresponsive and hostile to her

13  requests to resolve the discovery dispute. *See*, Declaration of Brande Gustafson dated March 1, 2013

14  (Doc. 42-2, at ¶ 3).  She outlines additional attempts to resolve the discovery dispute with Mr.

15  Claypool between January 30, and February 20, 2013.  *Id*. at ¶¶ 3-13.  Specifically, she alleges she

16  arranged to meet with Mr. Claypool on February 19, 2013, at noon but that at 10:30 a.m. that day, he

17  indicated he could not participate in the meeting because he had to take care of a mediation issue. *Id*.

18  at ¶ 6. Defense counsel later found out that Mr. Claypool made a television appearance on FoxNews

19  on an unrelated case during the time they were scheduled to meet.  *Id*. at ¶ 8; Doc. 42-3 at Exhibit B.

20  Although Ms. Gustafson received responses to Plaintiff's discovery requests later that day, they were

21  still incomplete.  *Id*. at 9.

22    Moreover, the parties agreed to meet telephonically on February 20, 2013, at 9:00 a.m.,

23  however, Mr. Claypool never called at that time.  *Id*. at ¶¶ 7, 10.  Instead, he attempted to contact

24  defense counsel by telephone and e-mail later in the day.  On February 20, 2013, defense counsel

25  received Mr Claypool's request to continue the Motion to Compel referenced above.  *Id*. at ¶ 19.

26    C.    *Defendants' Second Motion for Sanctions*

27    In the second Motion for Sanctions filed on  April 5, 2013, Defendants contend that

28  supplemental responses received from Plaintiffs on March 28, 2013, did not comply with the Court's

1   March 18, 2013 order.  Although Plaintiffs removed all objections from the responses, the only

2   documents that were produced were the death certificate for the decedent and the birth certificates of

3   each of the Plaintiffs.  *See*, Declaration of Brande Gustafson, dated April 5, 2013 at ¶ 5 (Doc. 51-2).

4   In addition, Plaintiffs untimely provided eight photographs on April 11, 2013.  Otherwise, the

5   responses were nearly identical to the unsigned supplemental responses received on February 21,

6   2013.  For example, the required records were not provided, it was still unclear where the decedent

7   had lived prior to his death, Plaintiffs had not adequately answered all parts of an Interrogatory related

8   to their attendance at any schools, including pre-schools or day cares, and information related to the

9   damages Plaintiffs were seeking lacked specificity.  *Id*. at 7; Doc. 51-3, pgs. 3-13 and pgs. 17- 35.

10          In the second Motion for Sanctions, Defendants request that any information in the deficient

11  Interrogatories and Requests for Production of Documents, as well as  photographs of the decedent

12  with his family, be excluded as evidence.  Defendants also request an additional $3,381.00 in

13  attorney's fees for bringing the second motion, including 21 hours in attorney's fees at $161.00 per

14  hour.

15          *Plaintiffs' Opposition*

16          Mr. Claypool's responses to all three motions are very similar. (Compare Docs. 34, 38, 43,

17  and 53). He argues that he has acted in good faith throughout the discovery process, but his clients

18  were uncooperative and caused the delays.  He contends that he lost contact with Claudia Nava, one

19  of the guardian ad litems in this case, and was not able to get in touch with her until December 19,

20  2012. He gave all the documents he had to defense counsel in December, and worked in January and

21  February to remedy all of the deficiencies.  He requests that no sanctions be imposed because he has

22  given Defendants all of the information in his possession.  In the alternative, Mr. Claypool contends

23  that the amount of the sanctions requested is unreasonable and should be reduced.

24          **III.    Legal Standard**

25          *A.      Attorney's Fees Sanctions*

26          The Court may order sanctions even in the absence of a prior court order "if a party, after

27  being properly served with interrogatories under Rule 33, or a request for inspection a under Rule 34

28  fails to serve its answers, objections or written response." Additionally, if a motion to compel is

1  granted, or if the requested discovery is provided after the motion was filed, the court must require the

2  party whose conduct necessitated the filing of the motion to pay reasonable expenses including

3  attorney's fees. Fed. R. Civ. P. Rule 37(a)(5)(A)(i-iii) and Fed. R. Civ. P. Rule 37 (d)(3).  Similarly,

4  the Court may also order the payment of attorney's fees for a failure to obey a discovery order.  Fed.

5  R. Civ. P. Rule 37 (b) (2) (C).   However, the Court must not order payment under any of these

6  circumstances if the nondisclosure was substantially justified, or if other circumstances make an

7  award unjust.  Fed. R. Civ. P. Rule 37(a)(5)(A)(i-iii); Fed. R. Civ. P. Rule 37 (d)(3); and Fed. R. Civ.

8  P. 37(b)(2)(C).

9      Here, Mr. Claypool argues that he has acted in good faith so monetary sanctions should not be

10  imposed.  A finding of good faith may be a consideration in determining whether imposition of

11  sanctions would be unjust.  *Hyde & Drath v. Baker*, 24 F. 3d 1162, 1171 (9th Cir. 1991).   However,

12  "disobedient conduct not shown to be outside the control of the litigant is all that is required to

13  demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F. 3d at 1167; *Fjelstad v.*

14  *American Honda Motor Co., Inc*., 762 F. 2d at 1341.   Moreover, the Ninth Circuit has held that

15  sanctions may be imposed even for negligent failures to provide discovery.  *See*, *Fjelstad v. American*

16  *Honda Motor Co., Inc*.,762 F. 2d at 1343 (9th Cir. 1985),  *Lew v. Kona Hospital*, 754 F.2d 1420, 1427

17  (9th Cir.1985); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir.1978).   The party facing

18  sanctions has the burden of establishing its failure was harmless.  *Yeti by Molly Ltd., v. Deckers*

19  *Outdoor Corp*., 259 F. 3d 1101, 1107 (9th Cir. 2001).

20      In this case, Mr. Claypool has failed to establish any of the above.  First, it is clear that Mr.

21  Claypool did not act in good faith during the meet and confer process.  He was difficult to reach, he

22  cancelled scheduled meetings with defense counsel to attend other matters, and was unavailable when

23  meetings were rescheduled.  Similarly, he did not participate meaningfully in the Joint Statement as

24  evidenced by the fact that his portion of the document merely consisted of one half of a page.  The

25  Court is also unimpressed with Mr. Claypool's late attempt to remedy the deficiency in the Joint

26  Statement by filing an untimely supplemental response in violation Local Rule 251(c). (Doc. 38).

27      Moreover, Mr. Claypool has demonstrated a disregard for this Court's orders.  He failed to

28  personally appear at the hearing on the Motion to Compel when ordered to do so, and he still had not

7

1  fully complied with this Court's March 18, 2013 order at the time of the hearing on the instant

2  motions.  (Docs. 43 and 52). This non-compliance is evidenced by the fact that the parties stipulated

3  to remedy the defects in the discovery responses at the hearing on the Motions for Sanctions. (Doc.

4  58).  These issues could have been resolved at the hearing on the Motion to Compel had Mr. Claypool

5  appeared as ordered.

6        Additionally, the Court is unpersuaded by Mr. Claypool's argument that his non-compliance

7  was due to a lack of diligence on his client's behalf.  First, there are two guardian ad litems in this

8  case : Ms. Nora Nava and Ms. Claudia Nava, each representing different minors.  Mr.  Claypool

9  indicates he was unable to obtain information from Claudia Nava.  However, he fails to address what

10 attempts were made to contact the other guardian, Nora Nava.  Although Mr. Claypool contends that

11 he reached out to his clients numerous times via e-mail and telephone calls, it appears he made no

12 other efforts to obtain the requested information such as traveling to Fresno to facilitate retrieval of

13 documents, or to acquire the necessary authorizations so information could be obtained.

14        Finally,  Mr. Claypool has failed to take responsibility for his lack of communication with

15 Defendants.  For example, had Mr. Claypool communicated the extent of difficulties he was having

16 with his clients to Defendants, or outlined the specific efforts he had made to comply with the

17 discovery requests in the written responses, these issues could have been easily resolved.  As such,

18 Mr. Claypool has not shown that his non-compliance in this case was substantially justified.

19 Similarly, the  non-compliance was not harmless as it has delayed the case and resulted in additional

20 expenses to Defendants.

21            *1.      The Amount of Fees Awarded*

22       Defense has requested a total of $24,024.60 for fees incurred for filing the Motion to Compel

23 and the two Motions for Sanctions.[4]  Generally, the Ninth Circuit has adopted a two-part lodestar

24 approach for assessing the amount of reasonable attorney's fees. *Intel Corp. v. Terabyte Int'l*, 6 F.3d

25 614, 622 (9th Cir.1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  In the first step, the

26

27        [4]  Specifically, Defendants seek 92.6 of attorney hours at an hourly rate of $161.00 and 11.2  of  paralegal hours
   at a rate of $109.00 for the Motion to Compel totaling $15,968.40.   Defendants seek 28.7. attorney hours and .5 paralegal
28 hours (at the rates listed above) for the first Motion for Sanctions totaling $4,675.20.   Finally, Defendants seek 21 attorney
   hours (at the rate listed above) for a total of $3,3,81.00 for the second Motion for Sanctions.  Thus the total amount requested
   is $ 24,024,60 ($15,968.40 + $4,675.20 + $3,381.00 = $24,024.60).

1  court calculates the presumptively-reasonable lodestar figure by multiplying the hours reasonably

2  spent on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. at 433-34; *Jordan*

3  *v. Multnomah County*, 815 F.2d 1258, 1262-63 (9th Cir.1987).  In the next step, the court considers

4  whether to adjust the lodestar figure based on factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526

5  F.2d 67, 69-70 (9th Cir.1975). [5] *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir.1986).

6           Here, the Court is assessing attorney's fees pursuant to the Federal Rules of Civil Procedure

7  37(a)(5) and 37(d) which require that a party pay reasonable attorney's fees caused by a failure to

8  comply unless the failure was substantially justified or other circumstances make an award of

9  expenses unjust   Accordingly, the Court looks to the lodestar factors for guidance when deciding the

10 amount of attorney's fees in this case.

11          The party seeking the award of fees must submit evidence to support the number of hours

12 worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.

13 2000). "A district court should exclude from the lodestar amount hours that are not reasonably

14 expended because they are 'excessive, redundant, or otherwise unnecessary." *Id*. (citation omitted). A

15 complete review of the declarations detailing the expenses incurred reveals that the amount requested

16 is unreasonable.  Although the proposed hourly rates for the attorney services ($161.00) and paralegal

17 services ($109.00), are consistent with the prevailing rates in Fresno, the amount of hours billed is

18 excessive.

19          Preliminarily, the Court notes that the issues presented in all three motions are simple.

20 Defendants propounded discovery and Plaintiffs did not provide complete and timely responses.

21 Extensive legal research or briefing was not required, and the number of discovery requests at issue

22 were relatively small.   Furthermore, although three motions were filed, they all dealt with Plaintiffs'

23 failure to respond to the same set of discovery requests.

24          Defense counsel requests 91.6 attorney hours for the Motion to Compel. The fees requested

25

26          [5] These factors include : (1) the time and labor required; (2) the novelty and difficulty of the questions involved;
   (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to
27 acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the
   client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of
28 the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client;
   and (12) awards in similar cases.  *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir.1975).

1  beginning December 18, 2012 through January 15, 2013, as well as on January 22, 2013, totaled 26.1

2  hours, and represent expenses incurred as a result of meet and confer efforts prior to the filing of

3  Defendants' Motion to compel. The Court will not compensate Defendants' counsel for these hours.

4  Although the Court fully appreciates the level of Defendants' frustration with the meet and confer

5  attempts, these efforts would have been required regardless of whether Defendants had to file a

6  motion to compel.  Additionally, from January 23, 2013 until February 15, Defendants' counsel billed

7  almost 50 hours for preparing the Joint Statement and corresponding with Plaintiffs' counsel.  This

8  amount is excessive.  As noted above, the legal issues presented in this case were straightforward and

9  did not require extensive legal analysis.  As such, the Court will award 20 attorney hours and 1.5

10 paralegal hours for the preparation of the Joint Statement. The Court will also award 4.6 attorney

11 hours for attendance at the hearing and preparing the proposed order.  Thus, the total amount of fees

12 awarded for the Motion to Compel is $4,181.60, which includes $3,960.60  (24.6 x $161.00) for

13 attorney hours, plus $110.50  (1.5 x $109.00) for paralegal services.

14       Defendants' request for 28 attorney hours for the first Motion for Sanctions will also be

15 reduced.  Much of the information in this motion is duplicative of the Joint Statement.  Furthermore,

16 the request for sanctions could have been included in the Motion to Compel which would have

17 reduced the number of hours expended.  The Court will award $859.50 for the first Motion for

18 Sanctions including $805.00 for 5 attorney hours (5 x $161.00) and $54.50 for .5 paralegal hours (.5 x

19 $109.00).

20       Finally, the amount of fees for the second Motion for Sanctions will also be reduced as the

21 issues presented in this motion were straightforward and much of the information provided was

22 duplicative of the other motions.  Defendants will be awarded $1,610.00 for 10 attorney hours (10 x

23 $161.00) for this motion.[6]  Thus, the total fees awarded for all three motions is $6,430.10 ($3,960.60

24 + $859.50 + $1,610.00).  The Court finds that because these motions were filed as a result of

25 Plaintiffs' attorney's action, Mr. Claypool personally, rather than Plaintiffs, shall pay Defendants

26 these fees.

27 ///

28

---

[6]  This amount includes the 3 attorney hours spent for attending the hearing on the motion held on April 26, 2013.

1          *B.      Exclusion of Evidence*

2          In addition to attorney's fees, Defendants also seek to exclude the evidence Plaintiff failed to

3   provide in the discovery responses.  If a party "fails to obey *an order* to provide or permit discovery ...

4   the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A)(i-vii).

5   "Just orders" may include *inter alia*,  prohibiting the disobedient party for from introducing matters

6   into evidence, striking pleadings, and dismissing the action. *Id.*; *See also*, Fed. R. Civ. P. 37(d)(3)

7   (cross referencing sanctions identified in Rule 37(b)(2) (A) (i-vii)). Sanctions may be warranted under

8   Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the

9   established issue bears a reasonable relationship to the subject of discovery that was frustrated by

10  sanctionable conduct." *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir.2001).

11         Under Rule 37(b)(2), subsections (A) through (C), sanctions are "appropriate only in 'extreme

12  circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.' " *Fair*

13  *Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.) (citations omitted); *Computer Task Group,*

14  *Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004) (per curiam).  Further, in deciding whether to grant

15  a motion for sanctions under subsections (A) through (C) of Rule 37(b)(2) for noncompliance with

16  discovery, the Court should consider five factors: "(1) the public's interest in expeditious resolution of

17  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking

18  sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

19  of less drastic sanctions." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir.2002);

20  *Computer Task Group, Inc*., 364 F.3d at 1115.

21         Defendants have requested exclusion of evidence due to Plaintiffs' lack of compliance with

22  this court's discovery orders.  The Court finds this sanction is too harsh given these circumstances.

23  Here, the trial is not set for several months.  Plaintiffs' failure has not resulted in an extreme delay in

24  these proceedings, and Plaintiffs have ample time to produce the discovery which will minimize any

25  prejudice to Defendants.  Additionally, the policy favoring disposition on the merits weighs against

26  exclusion of evidence especially when the imposition of monetary sanctions, a lesser sanction, is

27  available.  Accordingly, Defendants' request for exclusion of evidence at this juncture is denied.

28  Plaintiffs, however, are forewarned that future non-compliance with discovery requests and this

11

1  Court's orders may result in harsher sanctions including additional monetary sanctions, exclusion of

2  evidence, or dismissal of this case.

3  **IV.      Conclusion and Order**

4          Plaintiffs' counsel has demonstrated that monetary sanctions are appropriate given his dilatory

5  conduct and lackadaisical attitude in complying with his discovery obligations.  However, the

6  sanction of exclusion of evidence is an extreme remedy and is denied.

7          Accordingly, IT IS HEREBY ORDERED that Defendants' two Motions for Sanctions are

8  GRANTED IN PART AND DENIED IN PART as follows:

9          1)      Defendants' requests for monetary sanctions are GRANTED IN PART in the amount

10                 of  $6,430.10 to be paid by attorney Brian Claypool **no later than July 31, 2013**

11                 (unless another date is agreed upon by the parties); and

12         2)      Defendants' request for the exclusion of evidence is DENIED.

13

14      IT IS SO ORDERED.

15      **Dated:   May 31, 2013**                    _____/s/ **Gary S. Austin**_____
                                                      UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28