**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.R., a minor, individually and as successor in interest to Raul Rosas and by and through her guardian ad litem, Claudia Nava, *et al*., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a municipality; *et al*., <br><br> Defendants. | CASE NO. 1:12-CV-00558-AWI-GSA <br> (*Consolidated with Case No.: 1:13-CV-00850 AWI GSA*) <br><br><br> **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF RECORDS** |
| RAUL ROSAS, an individual; and EVA ROSAS, and individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a municipality, *et al*., | **ORDER GRANTING DEFEDANTS' MOTION TO EXTEND DISCOVERY DEADLINES** <br><br> **(Doc. 72 and 75 )** |

**I.  Introduction**

Pending before the Court is County Defendants' ("Defendants") Motion to Compel the production of mental health records of Raul Rosas identified in subpoenas duces tecum served on both the Fresno County Department of Behavioral Health ("County DBH") and Kaweah Delta Mental Health (collectively, "third parties"). (Doc. 72). The Court has reviewed Defendant's motion filed on January 31, 2014 (Doc. 72), and their replies filed on February 21, 2014 and March 21, 2014, respectively. (Docs. 79 and 85). The Court has also reviewed the opposition filed by the County DBH filed on January 31, 2014 (Doc. 75), and the opposition filed by

1

Plaintiffs, H.R., I.R., and Raul and Eva Rosa ("Plaintiffs") filed on March 14, 2014 (Doc. 84). No opposition was filed by Kaweah Delta Mental Health. Upon a consideration of the pleadings, Defendants' Motion to Compel is GRANTED.

## II.     Relevant Background and the Parties' Positions

On November 30, 2012, Plaintiffs I.R. and H.R. ("the children") filed a First Amended Complaint ("FAC") alleging federal causes of action against the City of Fresno, Miguel Alvarez, Sammy Ashworth, Officer Troy Miller (collectively, "City Defendants"), the County of Fresno, Deputy Christian Lightner, and Deputy Manuel Flores (collectively, "County Defendants"). Plaintiffs allege that Defendants caused the death of Raul Rosas ("the decent") during an altercation with police officials. Specifically, the complaint alleges a violation of the children's civil rights and the civil rights of the decedent under 42 U.S.C. section 1983, as well as various state law causes of action including wrongful death, a survival action, negligence, battery, and violations of the Bane Act ("the children's complaint"). On June 4, 2013, the decedent's parents, Raul and Eva Rosas ("the parents") filed a complaint alleging causes of action for a violation of the Fourteenth Amendment and municipal liability pursuant to 42 U.S.C. § 1983. *Raul Rosas et al., v. City of Fresno et al.*, 13-cv-850 AWI-GSA (Doc. 2) ("the parents' complaint"). The two cases were consolidated on October 18, 2013. (Doc. 71).

In the course of discovery, it was revealed that the decedent had been treated for substance abuse, schizophrenia, paranoia and auditory hallucinations. In the instant motion, County Defendants seek a court order requiring that the third parties release the decedent's mental health records that were requested pursuant to subpoenas duces tecum.[1] County

---

[1] The request provided as follows :
  All records relating to treatment and diagnosis of Raul Rosas, Jr., DOB: [\*\*/\*\*]/1982, including but not limited to medication prescription and monitoring, counseling session dates and start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, notes, and any records and summaries of the following items: diagnosis, functional status, the treatment plan, symptoms, and prognosis. This request specifically includes mental health treatment records. To include records of Cecilia

2

Defendants have limited the document request to ten years prior to the decedent's death. (Doc. 85, pg. 6).

The County DBH opposes the release of the information based on California Welfare and Institutions Code § 5328 and the psychotherapist-patient privilege. The Plaintiffs also oppose the release of the records based on the psychotherapist-patient privilege.

Defendants argue that both of the third parties waived their right to oppose releasing the documents because neither of their initial objections were properly raised pursuant to the Federal Rules of Civil Procedure. Additionally, Kaweah Delta Mental Health never filed an opposition to the Motion to Compel.

Similarly, Defendants argue that Plaintiffs' failure to file a motion for protective order or a motion to quash waives their right to object to the requests. Moreover, Plaintiffs have waived any psychotherapist-patient privilege because Plaintiffs Raul and Eva Rosa testified about the decedent's mental health treatment during their depositions. Finally, Defendant contends that all of the Plaintiffs have placed decedent's health and mental health at issue in the complaints thereby waiving the psychotherapist privilege.

**III.   Discussion**

  *A.    The Scope of Discovery*

Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, non privileged, that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
> *Id*.

Salazar, NP.

Thus, discovery is appropriate of any matter relevant to the subject matter involved in the action. Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in a case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978).  (Emphasis added).

### B. Waiver of Privilege

As a preliminary matter, Kaweah Delta Mental Health has waived any objection to producing the requested material because it has not filed an opposition to this motion, nor has it filed a motion to quash the subpoena.  Fed. R. Civ. Proc. Rule 45(c)(3)(A).  Similarly, Plaintiffs have not adequately addressed the Defendant's argument that they have waived their right to object to the subpoenas because they failed to file a motion to quash or a motion for a protective order.  In the absence of any arguments by Plaintiff addressing this issue, the Court agrees with the Defendants.

Under Federal Rule of Civil Procedure Rule 45, a nonparty served with a subpoena duces tecum may make objections to the subpoena within 14 days after service, or before the time for compliance, if less than 14 days. Fed. R. Civ. P. 45(d)(2)(B). On timely motion, the court may quash or modify the subpoena. Fed. R. Civ. Proc. Rule 45(c)(3)(A). A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash. Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:2291 (2014); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n. 5 (9th Cir.1983) ("Once the person subpoenaed objects to the subpoena ... the provisions of Rule 45(d) come into play. Then the party seeking discovery must obtain a court order directing compliance."); *Dornell v. City of San Mateao*, 2013 WL 5443036 * 2 (N.D. Cal. Sept. 30, 2013) (A court may quash an otherwise relevant subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A) (iii). Failure of the Plaintiff to file a motion to quash or seek a

4

protective order constitutes a waiver.")  Here, Plaintiffs never filed a motion to quash or a motion for a protective order, and only raised objections after County DBH refused to produce the documents.  Therefore, Plaintiffs waived their right to object to the requests.  The Court is not persuaded by the argument that Plaintiffs somehow preserved their rights to object because Plaintiffs' counsel had been in touch with the third parties' attorneys before any objections were filed.

Notwithstanding the above, even if Plaintiffs had properly objected by filing the appropriate motion, they have waived the psychotherapist-patient privilege by placing the decedent's mental health at issue in the complaints.  Under *Jaffee*, the party seeking to invoke the benefit of the privilege bears the burden of showing that : 1) the therapist is licensed, 2) the communications were confidential, and 3) the communications were made during the course of diagnosis or treatment.  *United States v. Romo*, 413 F. 3d 1044, 1047 (9th Cir. 2005); *Speaker v. County of San Bernardino*, 82 F. Supp. 2d. 1105, (C.D.  Cal. 2000) (burden of proof for the psychotherapist/patient privilege is on the party seeking to establish that the privilege exists).  Even if a party meets this burden, a party may waive the privilege.   In determining whether a waiver to the psychotherapist-patient privilege has occurred, two different approaches have emerged since *Jaffee*.

Under the broad approach, the psychotherapist-patient privilege is waived whenever the patient places his mental condition at issue. *Sanchez v. U.S. Airways Inc*, 202 F.R.D. 131 (E.D. Penn. 2001) (Plaintiffs alleging Title VII violation waived the psychotherapist-patient privilege by alleging emotional distress); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 (S.D. Cal. 1999) (Plaintiff in employment discrimination case who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim and waives the privilege); *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (Plaintiff in American with Disabilities Act case who alleged defendant did not accommodate her depression

5

waived psychotherapist-patient privilege); *EEOC v. Danka Industries, Inc.*, 990 F. Supp. 1138 (E.D. Missouri, 1997) (Plaintiff waived psychotherapist patient privilege by alleging emotional distress damages in sexual harassment case brought pursuant to Title VII).

Under the narrow approach, the psychotherapist-patient privilege is waived only if the patient places the contents of the communication itself at issue, which excludes raising a claim of emotional distress. *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229 (D. Mass. 1997). Utilizing this approach, the psychotherapist privilege is not waived in cases such as this one, in which a plaintiff alleges generic damages for emotional distress. *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003); *Fristsch v. City of Chula Vista*, 187 F.R.D. 614, 621 (S.D. Cal. 1999) (holding that party did not waive the privilege by putting emotional state at issue.); *Ruhlman v. Ulster County Department of Social Services*, 194 F.R.D. 445, 448-449 (N.D. N.Y. 2000) ("A party does not put his or her emotional condition at issue by merely seeking incidental, 'garden variety' emotional distress damages, without more."); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 308-309 (N.D. Ill. 1999) (holding that privilege was not waived so long as plaintiff limits her testimony on emotional distress damages to common humiliation and embarrassment).

Given the facts of this case, the Court finds that the broad approach to the psychotherapist privilege should apply. Although no specific cause of action of intentional infliction of emotional distress was made, Plaintiffs' complaints make generic allegations of emotional distress. In particular, the children's complaint alleges that Decedent suffered extreme and severe mental anguish and pain, was injured in mind and body, and suffered a loss of life. (Doc. 25, ¶ 49, 59, 77, 80, 84, 85, 92). The children also allege a loss of financial support. (Doc. 25, ¶ 59). Similarly, both the parents and the children allege that they were "deprived of the life-long, love, companionship, comfort, support, society, and care of the decedent, and will continue to be deprived for the remainder of their natural lives." (Doc. 25, ¶ 49, 59, 80, and 92 and Parent's

6

complaint, Doc. 2, ¶ 41).  Thus, decedent's emotional distress and the Plaintiffs' loss of familial relationship are central to the claims alleged in both compliants.  The extent to which decedent was suffering from mental illness, or whether he had a significant drug problem at the time of the incident, may have affected his ability to participate in familial relationships and/or to provide financial support to his family.  It may also have affected the altercation he had with police.  Given the broad definition of discovery under Fed. R. Civ. P. 26(b), Defendants should be able to investigate these areas at this phase of the litigation. Whether any material produced in discovery will ultimately be admissible at trial will be addressed by the trial judge at a later time.  Additionally, the decedent's privacy can be protected though a protective order.

     The County DBH opposes the release of the information based on California Welfare and Institutions Code § 5328.[2]  However, privileges asserted in response to discovery requests in federal question cases are determined under federal law, not the law of the forum state.  Fed.R.Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989).  In cases involving federal civil rights and state law claims such as this one, "any asserted privileges relating to evidence relevant to both state and federal claims are governed by federal common law." 6 James Wm. Moore et al., Moore's Federal Practice § 26.47[4], at 26–334.1 (3d ed. 2013); see *Fitzgerald v. Cassil*, 216 F.R.D. 632, 635 (N.D. Cal. 2003) (applying federal law of privilege to alleged violations of Fair Housing Act, 42 U.S.C. § 3604, and various state law claims); *Stallworth v. Brollini*, 288 F.R.D. 439, 442 (N.D. Cal. 2012) (applying federal common law to resolve claims of privilege in an action alleging § 1983 and state law claims). Accordingly, federal common law will be applied to this case because the information sought is relevant to both the state and the federal claims. Notwithstanding the above, this district has also recognized that "in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is

---

[2] In light of the waiver of the psychotherapist privilege based on the allegations in the complaints, the Court need not address whether the County DBH properly raised this privilege in its objections, or whether Plaintiffs waived the privilege as a result of their deposition testimony.

consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes." *Rodriguez v. City of Fresno*, 2010 WL 5059644 * 5 (E.D. Cal. Dec. 6, 2010) (citations omitted). While California Welfare and Institutions Code § 5328 prohibits the release of mental health records, release of such documents are permissible pursuant to a court order.  Cal. Welfare and Institutions Code § 5328(f).[3]  Accordingly, under both state and federal law, release of these documents by the third parties is permissible. Therefore, Defendant's motion to compel is granted and the third parties shall release the records pursuant to the subpoena requests.

## IV.     Modification of the Scheduling Order

Defendants have requested a sixty day extension of the discovery deadlines to conduct additional discovery based on the subpoena requests.  The Court grants this request as Defendants have been diligent and the request is reasonable.

## V.     Conclusion and Order

For the reasons set forth above, the Defendants' Motion to Compel is GRANTED. Accordingly, it is hereby ordered that :

1) Within fifteen days, Fresno County Department of Behavioral Health and Kaweah Delta Mental Health SHALL comply with the subpoena issued by County Defendants on September 23, 2013, except that only documents dated after June 5, 2001 need to be produced;

2) The records SHALL be maintained as confidential and their use SHALL be limited to this litigation only. If used at a deposition, the portion of the deposition referencing the content of the records SHALL be sealed. If a party wishes to file the records or

---

[3] Although not raised by the parties, release of this information is also prohibited under the Health Insurance Portability and Accountability Act, Pub. L. 104-191, 110 Stat. 1936, 42 U.S.C. § 1320d. ("HIPPA").  See 45 C.F.R. § 164.502(a)  However, health care providers are permitted to disclose medical records in response to a court order. See 45 C.F.R. § 164.512(e)(1).

8

any portion thereof, the party SHALL seek authorization to file the documents under seal according to Local Rule 141; and

3) Within five days, the parties shall meet and confer and provide the Court with proposed discovery deadlines consistent with this order, and proposed dates for any other deadlines in the scheduling order that need to be amended as a result of this modification.

IT IS SO ORDERED.

Dated:  **April 11, 2014**                                  **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE

9