**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.R., a minor, individually and as successor in interest to Raul Rosas and by and through her guardian ad litem, Claudia Nava, *et al*., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a municipality; *et al*., <br><br> Defendants. | CASE NO. 1:12-CV-00558-AWI-GSA <br> (*Consolidated with Case No.: 1:13-CV-00850 AWI GSA)* <br><br><br> **ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO EXTEND TIME TO DESIGNATE A REBUTTAL EXPERT** <br><br> **(Doc. 89)** |
| RAUL ROSAS, an individual; and EVA ROSAS, and individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a municipality, *et al*., | |

### I.  Introduction

Pending before the Court is Plaintiffs' Ex Parte Application to extend time to designate a rebuttal expert that was filed on April 18, 2014. (Doc. 89). On April 21, 2014, the City Defendants filed an opposition to the request. (Doc. 90). On April 21, 2014, this Court issued a minute order advising the parties that the Court would not consider this request ex parte. The Court set a briefing schedule to hear the motion on shortened time. County Defendants filed an

1

opposition to the request on April 22, 2014. (Doc. 91).  Plaintiffs filed a reply on April 24, 2014.[1] (Doc. 94 and 95).  The Court has determined no hearing is necessary pursuant to Local Rule 230 (g).  Upon a review of the pleadings, the Court GRANTS Plaintiffs' request.

## II. Discussion

Fed. R. Civ. P. 16(b)(2) and (3) requires district courts to enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery."  A modification of the scheduling order requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4). Scheduling orders "are at the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir.1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992).  "[A] schedule may be modified 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F. 3d 1080, 1087 (9th Cir. 2002) quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 607 (9th Cir. 1992)).

Here, Plaintiffs filed an ex parte request to extend time to designate an expert from April 25, 2014 to May 14, 2014, so that they can present expert testimony to rebut an excited delirium defense.[2]  (Doc. 89).   The basis for the extension is that although the defendants had timely disclosed their experts on April 1, 2014, Plaintiffs were unable to contact their expert because the expert had been on vacation until April 16, 2014.  All Defendants oppose the request on the basis that Plaintiffs have not established due diligence.  Moreover, there is a concern that Plaintiffs may receive a tactical advantage because Plaintiffs will have an opportunity to depose Defendants' experts prior to Plaintiffs' expert completing his report.  Finally, the delay may affect the filing of motions for summary judgment.

---

[1] The Court has considered Plaintiffs' Reply even though it was filed late.
[2] Because the expert discovery deadline is May 16, 2014, moving the date of the expert rebuttal deadline would necessarily involve moving the expert discovery deadline.

As a preliminary matter, this Court is perplexed and concerned with Plaintiffs' lack of planning and foresight on this issue. It is not lost on the Court that Plaintiffs waited until almost midnight on Friday, April 18 to file this request. As a result, the Court and the other parties have been significantly inconvenienced. However, given the facts, the Court will permit the extension request in this instance. While the Court is sympathetic to the Defendants' position, Plaintiffs have been diligent to the extent that counsel has no control over the expert's availability. Moreover, an inability to present Plaintiffs' expert will be very prejudicial to the Plaintiffs. Conversely, any potential prejudice to Defendants can be ameliorated by modifying any deposition dates if needed, or extending the motion for summary judgment deadline if necessary.

### III. Conclusion

In accordance with the above, Plaintiffs' request to extend the rebuttal expert disclosure deadline is granted. The new deadline is May 14, 2014, for the limited purpose of addressing the excited delirium defense *only*. The parties shall meet and confer regarding how this change may affect the current deposition schedule. They are encouraged to work together to may make any necessary modifications to that schedule and to seek the Court's assistance only as a last resort. Finally, within five days, the parties shall file a stipulation identifying a new expert discovery cut-off.

IT IS SO ORDERED.

Dated:   **April 24, 2014**                              **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

3