**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

I.R. a minor, individually and as a successor in interest to Raul Rosas and by and through her *guardian ad litem*, Claudia Nava, et al.,

Plaintiffs,

v.

CITY OF FRESNO, a municipality, et al.,

Defendants.

---

Raul Rosas, an individual, and Eva Rosas, an individual, et al.,

Plaintiffs,

v.

CITY OF FRESNO, a municipality, et al.,

Defendants.

**1:12-cv-00558-AWI-GSA**
(Consolidated with Case No. 1:13-cv-00850 AWI-GSA)

**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINORS' CLAIMS AND REQUEST FOR EXTENSION OF TIME**

(Doc. No. 128)

## I. INTRODUCTION

Plaintiffs I.R. and H.R. are minors in this action (the "Minors"). Pending before the Court is a Petition for Minors' Compromise filed on December 9, 2014 by Nora and Claudia Nava,

*guardians ad litem* for each of the respective minors ("Petitioners").[1] The Court has reviewed the Petition and its supporting papers and, for the reasons discussed below, RECOMMENDS that the petition be GRANTED.

## II. BACKGROUND

### A. Facts

This case arises out of the death of Raul Rosas, Jr., the Minors' father, following an encounter with Fresno County Sheriff's deputies and City of Fresno police officers. On the morning of June 5, 2011, Deputies Christian Lightner and Manuel Flores responded to a 911 call report of domestic violence placed by Claudia Nava. Nava, who was pregnant with one of the Minors, reported that the decedent had struck her in the head, face, and stomach and that he had been using methamphetamine.

When Deputies Lightner and Flores arrived, the decedent fled. The deputies pursued him to a nearby house, where a struggle ensued. During the struggle, Deputy Lightner deployed his pepper spray and Deputy Flores deployed his Taser, neither of which succeeded in subduing the decedent. Soon thereafter, Officers Sammy Ashworth, Miguel Alvarez, and Troy Miller of the Fresno Police Department arrived and the five were successful in bringing the decedent under control. After he was detained, the decedent engaged in a brief conversation with the officers. At some point thereafter, the decedent lost consciousness. The decedent was taken to the hospital and died nearly one month later, on July 3, 2011.

The Minors asserted wrongful death claims against the City of Fresno and County of Fresno under state and federal law and survival claims as successors in interest to the decedent.[2] The decedent's parents, Raul Rosas, Sr. and Eva Rosas, separately alleged wrongful death claims under federal law. On July 18, 2014, Defendants filed summary judgment motions asserting that the Plaintiff's claims failed as a matter of law. (Doc. Nos. 115 and 116.) On August 8, 2014, the parties indicated that they wished to settle the action. (Doc. No. 122.) The gross settlement

[1] The parties title the Petition the "Combined Motion for Approval of Settlement and Compromise of Minors' Claims and Unopposed Request to Continue Deadline to File Stipulated Dismissal." For simplicity, the Court will refer to this document merely as the "Petition."

[2] The Complaint was later amended to add Deputies Lightner and Flores, as well as Officers Ashworth, Alvarez, and Miller, as individuals. (Doc. No. 25.)

amount to be divided amongst the four plaintiffs is $60,000. (Doc. No. 128 at 4.)

**B. The Petition**

Petitioners request that each of the Minors receive $15,000 of the total settlement. Thirty-three percent (33%), or $9,999 between the two minors, is to be awarded as attorneys' fees.[3] (Doc. No. 128 at 5.) Plaintiffs' counsel also seeks to deduct a total of $7,234 in advanced litigation costs from the Minors' portion of the settlement, leaving the net settlement amount for the Minors at $12,767. This amount is to be divided equally between the two children, for a payment to each of $6,383.50. (Doc. No. 128 at 6.)

Petitioners also seek a $500 disbursement from each of these amounts to Claudia Nava for the purpose of purchasing beds and other immediate necessities for the Minors, after which the remainder of the Minors' settlement proceeds ($5,883.50 for each minor) will be placed in two tax-free annuities (one for each minor). Each annuity will make two disbursements: one when the respective holder reaches age 18 and another when the respective holder reaches age 20. The annuities will be administered by the Metropolitan Life Insurance Company ("MetLife").

The Petition also includes a short disclosure of interest and description of the terms of counsel's compensation.

**III. DISCUSSION**

District courts have a duty to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). When litigants who are minors settle a case, this duty requires the Court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.*, quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978). The duty to safeguard the interests of minors in settlement has been codified in this Court's Local Rule 202, which provides, in pertinent part:

> (b) **Settlement.** No claim by . . . a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> . . .

[3] The contingency agreement between Plaintiffs and their attorneys provides for a forty percent (40%) contingency fee, but Plaintiffs' counsel have elected to deduct only thirty-three percent (33%) from the Minors' portion of the settlement. (Doc. No. 128-1 at 3.)

> (2) . . . The application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.
>
> . . .
>
> (c) **Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) **Payment of Judgment.** Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

Any settlement must thus be reviewed to determine whether the "net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the specific facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. But "[s]o long as the net recovery to each minor plaintiff is fair and reasonable . . . the district court should approve the settlement as proposed by the parties"; the court must "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Id.*

The Petition, reviewed in conjunction with the extensive record in this case, provides the minimum information required by the Local Rule. The children involved are 3 year-old and 7-year-old girls and the action arises out of wrongful death claims the Minors (through their respective *guardians ad litem*) asserted against the Defendants. (Doc. No. 128 at 4.) The Petition suggests that the Minors have suffered a loss of the "familial relationship with their father," but indicates that no medical treatment has or will be sought as a result. *Id.* at 5.

Although *Robidoux* suggests that courts consider the "recovery in similar cases" when deciding whether the amount of a minor's settlement is fair and reasonable, this Court has not

found (and the parties do not provide) cases which match the precise factual context of this case. In *de Aguilar v. Northern Railroad Passenger Corp.*, No. 1:02-cv-6527 LJO GSA, 2009 WL 1035221 (E.D. Cal. Apr. 17, 2009), for example, a minor was awarded a net total of $10,618.23 in a wrongful death suit that arose out of the death of the minor's step-father in a train accident. In *Cotton ex rel. McClure v. City of Eureka*, No. C 08-4386 SBA, 2012 WL 6052519 (N.D. Cal. Dec. 5, 2012), however, a minor received $2,646,765.90 in a suit that revolved around the death of the minor's father at the hand of police officers.[4] And in *Hearn v. Philadelphia Police Officer Brian Fuss*, No. Civ. A. 02-3525, 2004 WL 345412 (E.D. Pa. Feb. 23, 2004), two minor plaintiffs were awarded only $2,000 each in a claim involving the excessive use of force against their father by police officers, even though the minors required medical treatment following the incident. Each of these settlements was highly dependent on the factual context, as well as the procedural posture, of the respective cases. The current case has a highly developed factual record—to the point that at least two of the parties had adequate evidence to prepare and file motions for summary judgment accompanied by over 150 pages of exhibits. The parties thus had ample information on which to base their valuation of the case. Each party is also represented by experienced counsel.[5]

The Petition's disclosure of interest suggests that the terms of the settlement are fair and reasonable. The Minors are represented in this case by the Law Offices of Dale K. Galipo and the Claypool Law Firm. Although the Petition does not specify the specific services and costs each firm has incurred as a result of the litigation, it is apparent from the Court's docket that the litigation, which originally began in April 2012, has involved substantial discovery, including multiple depositions (of both expert and lay witnesses) and written discovery. The litigation has also involved substantial law and motion work (including several motions arising out of the discovery process). Given the duration of this case, as well as the amount of work done by Plaintiffs' counsel and the contingency fee agreement, the amount of attorneys' fees and costs sought is reasonable and do not suggest that the settlement was unfair or created a conflict of

---

[4] Notably, however, the settlement in *Cotton* appears to have come after plaintiffs prevailed at trial while the case was on appeal. The facts of *Cotton* also appear to be considerably more severe than the case at hand. *Id.* at *1.
[5] Indeed, Plaintiffs here appear to be represented by the same counsel as the plaintiffs in *Cotton*.

interest for Plaintiffs' counsel.

The method of disbursement of the settlement also appears to be fair, reasonable, and within the bounds of applicable law. Under Local Rule 202(e), payment of a minor's settlement must be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor."

Under California law, the conditions for disbursement of settlement funds to a minor differ depending on the amount of the settlement. Where, for instance, the balance of a settlement to be paid to a minor is less than or equal to $5,000, a court may order that the balance "paid or delivered to a parent of the minor" to be held in trust. Cal. Prob. Code §§ 3611(e), 3401. And if the balance to be paid to the minor is less than or equal to $20,000, a court may order that "all or any part of the money be held on any other conditions the court in its discretion determines to be in the best interest of the minor." *Id.* The Court also has authority to authorize interim disbursements of funds, where necessary. Local Rule 202(f).

Here, the Petition requests that a minimal portion ($500) of each minor's settlement should be immediately disbursed to Petitioner Claudia Nava to "provide for the life necessities of the minors, such as clothing, furniture (specifically, beds) and food." (Doc. 128 at 7.) The remainder of the each minor's settlement will be placed in MetLife annuities, as explained above in section (II)(b). Based on the verified Petition, as well as the declaration and other exhibits attached thereto, this disbursement appears to be in the best interests of the Minors.

The Court finds that the Petition, along with the record, includes the information required by Local Rule 202(b)(2), (c), the standards laid out in *Robidoux*, and addresses the required details of the proposed compromise. The Court thus finds that the proposed settlement for the Minors is fair, reasonable, and proper.

## IV. RECOMMENDATION

Based on the foregoing, the Court recommends that the Combined Motion for Approval of Settlement and Compromise of Minors' Claims and Unopposed Request to Continue Deadline to

File Stipulated Dismissal (the "Petition") be GRANTED. Specifically, the Court recommends as follows:

1. The settlement of minor I.R. and H.R.'s action against the Defendants in the amount of $30,000 distributed as $15,000 to each minor plaintiff be approved; and,
2. Petitioners' request that Claudia Nava receive an immediate disbursement of $1,000 ($500 for each minor plaintiff), to be used solely for the present needs of the two minor children, including food, clothing, and furniture, be approved; and,
3. Plaintiffs inform Defendants as to the amounts and payees of the settlement drafts consistent with the Order within five (5) days after the date these Findings and Recommendations are adopted by the district judge assigned to this case; and,
4. Petitioners purchase annuity policies from MetLife with the funds set aside for the Minors in amounts consistent with those set forth herein. MetLife shall act as the guarantor for assignee of the payments; and,
5. Annuity disbursements be made payable and be issued directly to:
   a. I.R. in the amounts of $2,800 on July 17, 2029 and $6,043 on July 17, 2031; and,
   b. H.R. in the amounts of $2,350 on May 12, 2025 and $5,175 on May 12, 2027.
   c. In the event that any of the Minors becomes deceased before reaching the ages described above, the settlement proceeds used to purchase that deceased minor child's annuity and any interest derived therefrom as of the date of said death is to be distributed to the surviving minor plaintiff; and,
   d. Except as set forth herein, there shall be no access to any of the funds allocated to the Minors until the specified dates, absent a Court order.
6. Petitioners submit proof of the funding of the above referenced annuities to the Court within sixty (60) days; and,
7. The request for attorneys' fees in the amount of $9,999 and costs in the amount of $7,234 be approved; and,
8. All claims against the Defendants will be dismissed with prejudice by a separate order to be submitted by the parties. Plaintiff's counsel shall submit such dismissal within five (5)

days after: (a) payment of the agreed settlement amount is made; and (b) the required proof outlined in paragraph 6 has been submitted to the Court. Any currently existing deadline to file a dismissal is extended accordingly.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 9, 2015**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE